ELRAC, LLC v Bari (2025 NY Slip Op 51339(U))

[*1]

ELRAC, LLC v Bari

2025 NY Slip Op 51339(U)

Decided on July 10, 2025

Supreme Court, Richmond County

Castorina, Jr., J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 10, 2025
Supreme Court, Richmond County

ELRAC, LLC, Plaintiff,

against
Jean E. Bari and Mohammed A. Bari, Defendants.

Index No. 151783/2024

Attorneys for the Plaintiff
JONATHAN DAVID SILVERSTEIN 
Carman Callahan & Ingham, LLP 
266 Main Street
Farmingdale, NY 11735 
Phone: (516) 249-3450 
E-mail: [email protected]
Defendants pro se
Jean E. Bari
Mohammed Bari

Ronald Castorina, Jr., J.

Statement Pursuant to CPLR §2219 [a]
The motion was submitted by Plaintiff ELRAC, LLC, seeking summary judgment against Defendants Jean E. Bari and Mohammed A. Bari. The Court considered the Notice of Motion and supporting Affirmation with annexed exhibits submitted by Plaintiff via NYSCEF; the pro se opposition papers filed by Defendants, consisting of NYSCEF Document Numbers 22 through 32 and Document Number 34; and the full procedural history of the matter, including in-person and virtual appearances, as well as oral argument held virtually on July 10, 2025. Upon due deliberation of the record and arguments presented, the motion is GRANTED in its entirety.
I. Findings of Fact
Plaintiff ELRAC, LLC commenced this action to recover a deficiency balance following the repossession and sale of a motor vehicle previously financed pursuant to a retail installment agreement executed by Defendant Jean E. Bari. The contract contained clear and binding [*2]provisions prohibiting the unauthorized sale or transfer of the vehicle, mandating the maintenance of physical damage insurance, and establishing Plaintiff's security interest in the collateral. The record reflects that the vehicle was subsequently transferred to Defendant Mohammed A. Bari in violation of those terms. The contract further authorized Plaintiff, upon default, to repossess and liquidate the vehicle and to seek judgment for any outstanding deficiency thereafter.
Both Defendants have proceeded throughout this litigation pro se. By correspondence received on March 4, 2025, Plaintiff's counsel advised the Court that the Defendants had contacted counsel directly to state that they were afflicted with influenza and would be unable to attend the court-scheduled appearance on March 5, 2025, and sought an adjournment. The Court granted this request, adjourning the matter to March 12, 2025, for an in-person preliminary conference.
At the March 12 conference, the Court explicitly instructed both Defendants that they had thirty (30) days to retain legal counsel. They were unequivocally advised that the matter would proceed to an in-person preliminary conference on April 22, 2025, regardless of whether they retained counsel. The Court further advised that should they elect to proceed without counsel, they would be held to the same legal and procedural standards as licensed attorneys, and that the Court could neither provide legal advice nor afford them any advantage based on their pro se status.
A formal court-issued notice dated April 11, 2025, confirmed that the preliminary conference would proceed on April 22, 2025 at 9:30 AM, in person. On the appointed date, Plaintiff appeared, but Defendants failed to do so. The Court attempted and succeeded in reaching Defendants by telephone. Out of an abundance of caution, and without conceding entitlement, the Court issued an Order permitting Defendants the opportunity to seek virtual accommodations, provided that they submit appropriate medical documentation to the Clerk's Office in advance of the next scheduled appearance.
In the same Order, upon Plaintiff's request, a motion schedule was entered, setting the matter down for virtual oral argument on the motion on July 10, 2025. Defendants failed to file any medical documentation or to submit a formal ADA accommodation request as directed by the Court. Nevertheless, in a prophylactic and equitable exercise of its discretion, the Court afforded both Defendants the opportunity to appear virtually, thereby honoring their purported need for accommodation, despite their noncompliance with procedural requirements.
Between the issuance of the motion schedule and the date of argument, Defendants submitted various pro se filings in opposition to the motion, which are reflected in NYSCEF Document Nos. 22 through 32, and Document No. 34. On July 10, 2025, the Court convened the oral argument virtually, with Plaintiff's counsel present and the Defendants provided access and notice.
II. Conclusions of Law
Plaintiff now moves for summary judgment on its claim for a deficiency balance arising from the repossession and sale of the vehicle. The terms of the governing retail installment agreement are not ambiguous. Defendant Jean E. Bari's default, whether due to nonpayment or the unauthorized transfer of the vehicle, constituted a material breach under the contract. The amount due reflects the unpaid principal, accrued charges, and permitted post-sale deficiency.
Significantly, the unauthorized transfer of the vehicle to Mohammed A. Bari, another Defendant in this action, constituted an additional violation of the agreement's express [*3]prohibition against assignment or transfer without Plaintiff's prior written consent. There is no evidence in the record that such consent was ever sought or granted. Nor is there any indication that Mohammed A. Bari lacked knowledge of Plaintiff's perfected lien interest.
Defendants, having been given ample time and judicial latitude to obtain counsel, elected to proceed pro se, and were warned of the legal consequences of such choice. Despite multiple opportunities to appear and be heard, they failed to participate meaningfully in the proceedings, file the required documentation to justify virtual accommodation, or articulate a cognizable defense to the Plaintiff's claims. Their opposition, while voluminous in submission, fails to raise any triable issue of fact or establish any meritorious defense to the Plaintiff's entitlement under the contract.
Plaintiff has, by its submissions, met its burden on summary judgment. The contract, the default, and the post-sale deficiency are all supported by admissible evidence and unchallenged by any material issue of fact.
III. Conclusion and Decretal Paragraphs
Accordingly, it is hereby:
ORDERED that Plaintiff's motion for summary judgment is GRANTED in its entirety; and it is further
ORDERED that the Clerk is directed to enter judgment in favor of Plaintiff ELRAC, LLC, and against Defendants Jean E. Bari and Mohammed A. Bari, jointly and severally, in the amount of the remaining deficiency balance due after the repossession and sale of the subject vehicle, together with contractual interest, costs, and disbursements as permitted by law; and it is further
ORDERED that the Defendants, having been afforded ample opportunity to retain counsel and to participate in the proceedings, and having been duly noticed for all appearances, are deemed to have waived any further objections by virtue of nonappearance and failure to comply with procedural directives; and it is further
ORDERED that the above-captioned matter is hereby marked disposed and shall be removed from the active calendar.
ORDERED that this constitutes the final Decision and Order of the Court
Dated: July 10, 2025
Staten Island, New York
E N T E R,
HON. RONALD CASTORINA, JR.
JUSTICE OF THE SUPREME COURT